COPY
Original Filed

JAN 3 1 2022

TIMOTHY W. FITZGERALD
SPOKANE COUNTY CLERK

COPY

## SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

| | |
|---|---|
| SHIRLEY TUCKER-COLLINS and DAVID COLLINS, individually and the marital community composed thereof, | No. 22200323-32 |
| | COMPLAINT |
| Plaintiffs, | |
| vs. | |
| MAVERIK, INC., a Utah corporation, | |
| Defendant. | |

COMES NOW, the plaintiffs, Shirley Tucker-Collins and David Collins, by and through their attorney of record, Lloyd A. Herman, Lloyd Herman and Associates, P.S., allege as follows:

### I.    PARTIES

1.1.    Plaintiffs, Shirley Tucker-Collins and David Collins, at all times material hereto and at the time of the accident mentioned herein are residents of and form a marital community in the State of Idaho.

1.2.    Based upon the plaintiffs' best investigation, information, and belief, the defendant, Maverik, Incorporated, is a Utah corporation doing business in the City of Cheney in the County of Spokane in the State of Washington.

COMPLAINT - 1

LLOYD A. HERMAN & ASSOCIATES, P.S.
213 North University Rd.
Spokane Valley, Washington 99206
Phone (509) 922-6600
Fax (509) 922-4720
LloydHerm@aol.com

## II.    JURISDICTION & VENUE

2.1.    Plaintiffs reallege and incorporate by reference all preceding allegations.

2.2.    That all acts hereinafter alleged occurred within the State of Washington, County of Spokane and that this Court has jurisdiction over this cause pursuant to Revised Code of Washington RCW 4.12 et seq.

2.3.    That all acts hereinafter alleged occurred within the State of Washington, County of Spokane, therefore, venue is proper in the Superior Court in and for the County of Spokane pursuant to Revised Code of Washington RCW 4.12 et seq.

## III.    FACTS

3.1.    Plaintiffs reallege and incorporate by reference all preceding allegations.

3.2.    On or about February 27, 2019, the plaintiffs, Shirley Tucker-Collins and David Collins, stopped at a Maverik service station/convenience store located in the city of Cheney in the County of Spokane in the State of Washington that was owned, operated, and maintained by the defendant, Maverik, Incorporated.  At the time, the plaintiff, Shirley Tucker-Collins, had to use crutches to walk due to an earlier injury.

3.3.    Using her crutches, Shirley walked into the defendant's Maverik convenience store.  At the time she entered, the floor inside the doorway was wet with water.  The water on the floor was not clearly visible and could not have been reasonably foreseen to cause someone to slip on it and injure themselves.

3.4.    Shirley's right foot slipped forward causing her to fall back to the left, drop her crutches, and fall back again as her husband, David Collins, tried to catch her.  As a

COMPLAINT - 2

LLOYD A. HERMAN & ASSOCIATES, P.S.
213 North University Rd.
Spokane Valley, Washington 99206
Phone (509) 922-6600
Fax (509) 922-4720
LloydHerm@aol.com

result of her slipping and falling on the water on the Maverik doorway floor, the plaintiff,

Shirley Tucker-Collins, sustained serious injuries.

### IV.     CAUSE OF ACTION - NEGLIGENCE

4.1     Plaintiffs reallege and incorporate by reference all preceding allegations.

4.2     On or about February 27, 2019, the defendant Maverik, at the aforesaid time and place, operated and maintained a convenience store in a negligent and careless manner by allowing water to accumulate and remain on the doorway floor thereby causing the plaintiff to slip and be seriously injured.

4.3     The plaintiff, Shirley Tucker-Collins, was free from negligence.

### V.     PROXIMATE CAUSE

5.1     Plaintiffs reallege and incorporate by reference all preceding allegations.

5.2     The injuries sustained by plaintiff, Shirley Tucker-Collins, were caused solely as a proximate result of the defendant Maverik Incorporated's actions and negligence.

5.3     As a direct and proximate result of the defendant's negligence, plaintiff was caused to be severely injured; that although medical attention, surgery and supportive remedies have been resorted to, said injuries, together with pain, discomfort and limitation of movement, prevail and will continue to prevail for an indefinite time into the future, that it is impossible at this time to fix the full nature, extent and severity and duration of said injuries, but they are alleged to be permanent, progressive and disabling in nature; that the plaintiff has incurred and will likely continue to incur medical expenses and other expenses to be proved at the time of trial, all to his general damage in an amount now unknown.

COMPLAINT - 3

LLOYD A. HERMAN & ASSOCIATES, P.S.
213 North University Rd.
Spokane Valley, Washington 99206
Phone (509) 922-6600
Fax (509) 922-4720
LloydHerm@aol.com

## VI.    PHYSICIAN/PATIENT PRIVILEGE

6.1.    Plaintiffs reallege and incorporate by reference all preceding allegations.

6.2.    The plaintiff asserts the physician/patient privilege for 88 days following the filing of this complaint.  On the 89th day following the filing of this complaint, the plaintiff hereby waives the physician/patient privilege.  That waiver is conditioned and limited as follows: (I) The plaintiff does not waive the plaintiff's constitutional right of privacy; (2) The plaintiff does not authorize contact with the plaintiff's health care providers of any kind except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Representatives of the defendants are specifically instructed not to attempt ex parte contacts with health care providers of the plaintiff; and (4) Representatives of the defendants are specifically instructed not to write letters to plaintiff's health care providers telling them that they may mail copies of records to the defendants.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray for judgment and relief against the defendant as follows:

1.    That the defendant be held liable to plaintiff for all damages suffered by plaintiff in amounts to be proven at the time of trial;

2.    For judgment for special damages including all hospital, medical, medication, and physical therapy expenses in an amount to be proven at trial;

3.    For judgment for special damages including loss of past and future income in an amount to be proven at trial;

4.    For loss of earnings or earning capacity, as may be proven;

COMPLAINT - 4

LLOYD A. HERMAN & ASSOCIATES, P.S.
213 North University Rd.
Spokane Valley, Washington 99206
Phone (509) 922-6600
Fax (509) 922-4720
LloydHerm@aol.com

5.    For general damages for pain, suffering and mental anguish in an amount to be proven at the time of trial;

6.    For costs, disbursements and attorney's fees incurred herein; and

7.    For such other and further relief as the court deems just and equitable.

DATED in Spokane Valley, Washington, this _____ day of _____ 2022

LLOYD A. HERMAN & ASSOCIATES

By:_____
Lloyd A. Herman
WSBA No. 3245
Attorney for Plaintiffs

COMPLAINT - 5

LLOYD A. HERMAN & ASSOCIATES, P.S.
213 North University Rd.
Spokane Valley, Washington 99206
Phone (509) 922-6600
Fax (509) 922-4720
LloydHerm@aol.com